IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elaine Nichols, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 2767 |
| | ) | |
| Portfolio Recovery Associates, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Elaine Nichols, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Elaine Nichols ("Nichols"), is a citizen of the State of New Hampshire, from whom Defendant attempted to collect a delinquent consumer debt owed for a Barclay's/Juniper Bank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices located in Chicago, Illinois and nine other states (Alabama, California, Kansas, New Jersey, Nevada, Pennsylvania, Tennessee, Texas, and Virginia), Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects by sending collection letters, calling the consumers on the phone, and by filing collection lawsuits.

6. Defendant PRA is licensed to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Nichols is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Barclay's/Juniper Bank debt. At some point in time after that debt became delinquent, it was purchased by Defendant

PRA, and when PRA began trying to collect this debt from Ms. Nichols, by sending her a collection letter dated December 22, 2008, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions. A copy of Defendant's letter is attached as Exhibit C.

9. Accordingly, on January 16, 2009, one of Ms. Nichols' attorneys at LASPD informed PRA, in writing, that Ms. Nichols was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Nichols was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant PRA hired the Law Offices Howard Lee Schiff, P.C. ("Schiff") to demand payment of the Barclay's/Juniper Bank debt from Ms. Nichols, which then sent Ms. Nichols a letter, dated September 26, 2009, demanding payment of this debt. A copy of this collection letter is attached as Exhibit E.

11. Accordingly, on October 30, 2009, one of Ms. Nichols' attorneys at LASPD informed Defendant PRA, through its agent, Schiff, that Ms. Nichols was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Nichols was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

12. Undeterred, Defendant PRA then sent a collection letter, dated January 11, 2011, directly to Ms. Nichols, which demanded payment of the Barclay's/Juniper Bank debt. A copy of this letter is attached as Exhibit G.

13. Accordingly, on February 16, 2011, one of Ms. Nichols' LASPD attorneys had to again write to Defendant PRA again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit H.

14. Defendant PRA's collection actions complained of herein (Exhibit G) occurred within one year of the date of this Complaint.

15. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Nichols', agent, LASPD, told Defendant PRA to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit G), Defendant PRA violated § 1692c(c) of the FDCPA.

19. Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendant PRA knew that Ms. Nichols was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant PRA to cease directly communicating with her. By directly sending Ms. Nichols a collection letter (Exhibit G), despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

23. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Elaine Nichols prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Nichols, and against Defendant PRA, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

6

**JURY DEMAND**

Plaintiff, Elaine Nichols, demands trial by jury.

                                                                Elaine Nichols,

                                                                By: /s/ David J. Philipps
                                                                One of Plaintiff's Attorneys

Dated: April 26, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com